**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A., AFL-CIO | CIVIL ACTION NO. 03-1224 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| FIRE SECURITY SYSTEMS, INC. AND ROYAL SUPPLY,INC. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

This Court entered an Order on December 28, 2005 that the Defendant, Royal Supply, Inc., show cause on January 23, 2006, why the Court should not enter a default judgment against it for (1) its failure to comply with the Court's May 18, 2005 Scheduling Order; (2) its failure to appear or otherwise participate in the pretrial conference held on December 16, 2005; and/or (3) its failure to comply with the Court's December 5, 2005 Order compelling it to respond to outstanding discovery requests no later than December 15, 2005. The Court's December 28, 2005 Order, which was mailed to Royal Supply, Inc., at its address of record with the Clerk of Court, has been returned as undeliverable. Finding that under the circumstances a hearing on the Court's rule to show cause would be vain and futile, the Court hereby upsets the hearing set for January 23, 2006 and enters a default judgment against Royal Supply, Inc., pursuant to FRCP Rules 16 and 37, for the reasons which follow.

## FACTUAL BACKGROUND

The Plaintiff Union filed the instant lawsuit against Defendant Fire Security Systems, Inc., on June 25, 2003. [Doc. No. 1] Plaintiff filed an Amended First Complaint on December 19, 2003, which added Defendant Royal Supply, Inc., as a Defendant. [Doc. No. 8] Defendant Fire Security Systems has never appeared or filed any responsive pleadings, and the Clerk entered a default judgment against it on August 30, 2004. [Doc. No. 23] The Court granted the Plaintiff's motion to delay the required submission of final application for default judgment until completion of all parties' discovery. [Doc. No. 29] The default against Fire Security Systems remains unconfirmed.

Defendant Royal Supply, Inc. ("Royal") was originally represented by attorney Allyn Stroud. Mr. Stroud filed a Motion to Consolidate this case with <u>Central Pension Fund of the International Union of Operating Engineers & Participating Employers et al v. Fire Security Systems Inc et al,</u> Docket No. 04-1653, Western District of Louisiana (Hon. Don Walter presiding). That lawsuit was filed by another Union Plaintiff against the same defendants on the exact same grounds (alter ego status). The Court denied the motion to consolidate. [Doc. No. 45]

On May 18, 2005, a Scheduling Order was entered in the instant matter setting trial for January 23, 2006 and setting all other pertinent deadlines. [Doc. No. 51] Plaintiff filed for summary judgment on May 16, 2005. [Doc. No. 49] Mr. Stroud filed an opposition on behalf of Royal on June 7, 2005. [Doc. No. 55] On October 3, 2005, the Court denied Plaintiff's motion. [Doc. No. 58]

On October 26, 2005, Mr. Stroud filed a motion to withdraw, stating that his client would not return his calls regarding outstanding discovery requests, its phone had been

disconnected, its building had been vacated, and it was apparently no longer doing business. [Doc. No. 59] Mr. Stroud stated in his pleading that he had notified Michael Howard, 100% owner of Royal, of all pending deadlines. [Id.] The Court granted the motion to withdraw. Since Mr. Stroud's withdrawal, Royal has made no appearance nor has it complied with any of the deadlines in the pretrial order. All mail to Royal since November 9, 2005, has been returned as undeliverable.

On December 5, 2005, the Court granted the Plaintiff's motion to compel discovery responses, giving Royal until December 15 to comply. [Doc. No. 63] The Plaintiff subsequently submitted a letter dated December 22, 2005 stating that Royal failed to comply with the Court's order compelling discovery. [Doc. No. 67]

Pursuant to the Court's Scheduling Order, on December 6, 2005, the Plaintiff submitted its pretrial order without the benefit of any inserts from Royal. [Doc. No. 65] On December 16, 2005, also pursuant to the Scheduling Order, the Court held a pretrial conference. [Doc. No. 66] However, Royal failed to appear or otherwise participate in the conference.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . or if a party fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

FRCP Rule 16(f). In turn, Rule 37(b)(2)(C) provides that the Court may enter an order striking out pleadings or parts thereof, or rendering a judgment by default against the disobedient party.

The Court finds that defendant, Royal Supply Inc., has failed to obey the Court's May 18, 2005 Scheduling Order [Doc. No. 51] in the following regards:

- it failed to file a witness list;
- it failed to file an exhibit book;
- it failed to file any pretrial inserts.

Additionally, Royal failed to appear at the pretrial conference which was held on December 16, 2005. This failure alone is enough to warrant the entry of a default judgment against it. See McDowell v. Van Nuys Finance Co., Inc., 33 B.R. 323 (N.D. Ohio 1983).

As evidenced in the Motion to Withdraw filed by Allyn Stroud, Royal was duly notified of all pending deadlines. However, there is no evidence that Royal has made any effort whatsoever to comply with any of those deadlines. The Court also notes Royal's similar disregard of the Court's orders in the suit currently pending against it entitled Central Pension Fund of the International Union of Operating Engineers & Participating Employers et al v. Fire Security Systems Inc et al, Docket No. 04-1653, Western District of Louisiana. The Court may properly consider Royal's conduct in the other pending case in making its bad faith determination in the instant matter. See Smith v. Smith, 145 F.3d 335 (5th Cir. 1998).

There is ample authority to uphold a district court's power to order entry of a default for failure to comply with court orders or rules of procedure. McGrady v. D'Andrea Electric Inc., 434 F.2d 1000 (*citing* Flaksa v. Little River Marine Constructions Co., 389 F.2d 8885

(5th Cir. 1968). However, in this instance, the Court has an alternative ground for entering a default judgment against Royal Supply, Inc. – its failure to comply with an Order compelling it to respond to outstanding discovery.

Under the plain language of Rule 37(b)(2), when a party fails to obey an order to provide or permit discovery, the Court has the authority to strike out pleadings or to render a judgment by default. Such a default is authorized only when the failure to comply with the Court's order results from willfulness or bad faith and where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Smith v. Smith, 145 F.3d 335 (5th Cir. 1998)(*citing* Bluitt v. Arco Chem. Co., 777 F.2d 188 (5th Cir. 1985)).

Under Batson v. Neal Spelce Associates, Inc., 765 F.2d 511 (5th Cir. 1985), the Court should consider 4 factors before granting a default judgment: (1) whether the violation was willful or in bad faith rather than simply due to inability to comply; (2) whether less drastic sanctions would effect the goals of Rule 37; (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

As to the first factor, the Court finds that the violations of Royal were willful and in bad faith. In making its "bad faith" determination, the Court is entitled to rely on its complete understanding of the parties' motivations, including the party's actions in a related case. Smith, supra. (citations omitted). Where, as here, a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the Court's choice of the extreme sanction of default is entirely appropriate and within the discretion of the Court.

As to the second factor, the Court finds that there are no less drastic sanctions which would suffice. Royal has simply refused to participate further in the defense of this matter. The Court also notes Royal's similar refusal to participate in the defense of the aforementioned Docket No. 04-1653, in which case Judge Don Walter struck all of Royal's answers for its failure to comply with the Court's order that it retain. In the instant matter, considering the Court's complete understanding of the motivation of the parties, and under the specific circumstances of this case, the Court expressly finds that no less drastic sanctions would effect the goals of Rule 37.

As to the third factor, the Court finds that Royal's failure to submit a witness list, failure to submit an exhibit book, failure to respond to discovery, failure to submit any inserts for the pretrial order, failure to confer with opposing counsel to draft the pretrial order, and failure to appear at the pretrial conference have certainly prejudiced the Plaintiffs in their preparation for trial.

Finally, as to the fourth factor, the Court finds that Royal is solely responsible for its multiple violations. As evidenced in Mr. Stroud's Motion to Withdraw, he withdrew representation precisely because his client would not cooperate in responding to discovery and would not communicate with him. Before he withdrew, Mr. Stroud notified Royal Supply, by way of its sole shareholder and registered agent, of all pending deadlines. Accordingly, the Court finds that under this factor, entry of a default is appropriate.

## CONCLUSION

For the foregoing reasons, the Court hereby orders that a default be entered against Royal Supply, Inc. for (1) its failure to comply with the Court's May 18, 2005 Scheduling Order; (2) its failure to appear or otherwise participate in the pretrial conference held on

December 16, 2005; and (3) its failure to comply with the Court's December 5, 2005 Order compelling it to respond to the outstanding discovery requests no later than December 15, 2005. The Court further finds that each of these failures, standing alone, justifies the Court's entry of default. Accordingly, each of these three violations constitutes an alternative basis for the Court's entry of default against Royal Supply, Inc.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of January, 2006. 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE